UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-21346-CIV-SCOLA/GOODMAN

TRG OASIS (TOWER ONE), LTD.,
et al.,

    Plaintiffs,

v.

CRUM & FORSTER SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

In this breach of contract case, Plaintiffs TRG Oasis (Tower One), Ltd., et al. ("TRG Oasis") filed a motion to strike Defendant Crum & Forster Specialty Insurance Company's ("Crum") Affirmative Defenses One through Three and Eight through Eleven. [ECF No. 20]. Defendant filed a response, which withdrew its first and second affirmative defenses [ECF No. 22], and Plaintiffs filed a reply [ECF No. 25].

United States District Judge Robert N. Scola referred Plaintiffs' motion to the Undersigned for a Report and Recommendations. [ECF No. 21].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiffs' motion to strike Defendant's affirmative defenses.

    **I.**    **Background**

According to Plaintiffs' First Amended Complaint, Defendant, an insurance company, entered into an insurance contract with MCW and West Coast, which required it to insure Plaintiffs as additional insureds. [ECF No. 18]. Plaintiffs allege that Defendant breached its contractual obligations by failing to defend Plaintiffs in lawsuits, brought by condominium associations, which involved work done by MCW and West Coast. *Id*. Plaintiffs seek declaratory relief and money damages suffered because of this alleged contract breach. *Id*.

Defendant filed an Answer, which also advances thirteen affirmative defenses. [ECF No. 19]. Defendant, however, has withdrawn its first two affirmative defenses [ECF No. 22], which leaves only eleven remaining affirmative defenses.

Plaintiffs now ask this Court to strike five of Defendant's remaining eleven affirmative defenses.

## II.     Legal Standard

The Court, either on its own or on a motion made by a party, is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1)-(2). "Courts 'have broad discretion when considering a motion to strike,' however, 'striking defenses from a pleading' remains a 'drastic remedy to be resorted to only when required for the purposes of justice' and only when the stricken material has 'no possible relation to the controversy.'" *FAST SRL v. Direct Connection Travel, LLC*, 330 F.R.D. 315, 317 (S.D. Fla. 2018) (quoting *Guarantee Ins.*

*Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013)).

Unlike the pleading requirements for a claim for relief under Federal Rule of Civil Procedure 8(a), which must comply with *Twombly*[1] and *Iqbal*[2], when a party responds to a pleading, it need only "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b); *see also Laferte v. Murphy Painters, Inc.*, Case No. 17-CIV-60375, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) ("[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*" and "[t]he straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable defenses.").

### III. Analysis

Plaintiffs' primary argument is that each of the identified affirmative defenses must be struck because they fail to comply with *Twombly* and *Iqbal's* heightened pleading standard. [ECF No. 20]. This argument is misplaced. "Affirmative defenses are not held to the same pleading standard as claims for relief." *Gonzalez v. Scottsdale Ins. Co.*, No. 20-20747-CIV, 2020 WL 1891328, at *1 (S.D. Fla. Apr. 16, 2020). Because Federal Rule of Civil Procedure 8(c) (governing affirmative defenses) does not include the "showing" language present in Rule 8(a) (governing claims for relief), the heightened pleading

---

[1]   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

[2]   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3

standard required for claims for relief does not apply to affirmative defenses. *See, e.g.*, *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (finding that *Twombly* and *Iqbal* do not apply to affirmative defenses after noting the differences between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses)); *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (same).

Plaintiffs raise alternative arguments that Affirmative Defense Three is a denial masquerading as an affirmative defense and that Affirmative Defenses Nine through Eleven fail to provide proper notice as required by Rule 8(b)-(c). Defendant does not directly address Plaintiffs' denial argument but contends that its other affirmative defenses provide ample notice to Plaintiffs.

    a. <u>Defendant's Third Affirmative Defense</u>

As its third affirmative defense, Defendant claims that "[n]one of the plaintiffs were entitled to additional insured coverage for property damage within the 'products-completed operations hazard' under any [Crum] policy issued to MCW or West Coast because no written contract required MCW or West Coast to provide such coverage to any plaintiff." [ECF No. 19].

In their initial motion, Plaintiffs argue that this affirmative defense is merely a denial because it fails to admit any facts in the Complaint and simply denies as true "[t]he crux of the First Amended Complaint[, which] alleges that the TRG Claimants are

4

additional insureds and that the TRG Tower lawsuits alleged claims for proper damage caused by an occurrence." [ECF No. 20]. Defendant counters that this defense "notifies [Plaintiffs] of [its] belief that the endorsements upon which [P]laintiffs rely for completed operations coverage did not apply because no written contracts required [Defendant's] insureds, West Coast and MCW, to provide such coverage to any of the plaintiffs." [ECF No. 22].

As Plaintiffs note in their reply, Defendant's argument does not address Plaintiffs' claim that this is a denial, not an affirmative defense. Defendant's failure to address this argument in its response is sufficient grounds to grant Plaintiffs' request. *See Romano v. John Hancock Life Ins. Co. (USA)*, No. 19-21147-CIV, 2022 WL 1447733, at *31 (S.D. Fla. May 9, 2022) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." (quoting *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001))).

As a practical matter, however, Plaintiffs' argument is correct: this defense serves to establish only that there is a defect in Plaintiffs' case (i.e., the alleged non-existence of a contract). *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 2010) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, Plaintiffs' requested remedy is too severe.

"When this occurs, the proper remedy is not [to] *strike* the claim, but rather to treat [it] as a specific *denial*." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (emphasis added) (citing *Ohio Nat'l Life Assur. Corp. v. Langkau*, No. 3:06-CV-290-J-20MCR, 2006 WL 2355571, at *2 (M.D. Fla. Aug.15, 2006)); *see also Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *1–2 (M.D. Fla. Aug. 15, 2006) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader.").

Therefore, the Undersigned **respectfully recommends** the District Court **deny** Plaintiffs' motion to strike Defendant's third affirmative defense and treat the defense as a denial. *See Alhassid v. Bank of America*, No. 14-CIV-20484, 2015 WL 11216747, at *4 (S.D. Fla. Jan. 27, 2015) (denying motion to strike and treating affirmative defense of "failure to state a claim" as a specific denial).

    b. <u>Defendant's Eighth through Eleventh Affirmative Defenses</u>

Defendant's eighth through eleventh affirmative defenses each focus on a specific policy exclusion of the insurance policy at issue. [ECF No. 19]. Although Plaintiffs challenge Affirmative Defense Eight on only the basis of *Twombly* and *Iqbal*, they raise additional grounds to strike Affirmative Defenses Nine through Eleven. [ECF Nos. 20;

6

25]. In Plaintiffs' view, these affirmative defenses are insufficient because Defendant does not explain which facts lead it to believe the affirmative defense applies, nor does Defendant include the quoted policy language. Neither argument has merit.

Each of Defendant's "policy exclusion" affirmative defenses follows the same general format. Defendant states that "[t]he policies bar coverage for damages that fall within the policies' [endorsement title] endorsement. *See* [ECF No. 19]. Each of the listed endorsements ("Continuous or Progressive Injury and Damage Exclusion," "Fungi or Bacteria Exclusion," and "EIFS/DEFS Exclusion") can be found in the attachments to Plaintiffs' First Amended Complaint. [ECF No. 18-2, pp. 10, 39, 95].

To begin, it is a valid affirmative defense to claim damages are nonrecoverable based on a policy exclusion. *Pac. Ins. Co. v. Aviara Homeowners Ass'n*, No. 10-80277-CIV, 2011 WL 13227743, at *3 (S.D. Fla. Jan. 24, 2011) (citing Florida law with approval to state "that a defense based on a policy exclusion ordinarily should be raised as an affirmative defense").

Judge Scola's discussion of policy exclusion-based affirmative defenses in *Gonzalez* is instructive on Plaintiffs' criticism of the alleged factual and pleading deficiencies:

> The [p]laintiffs move to strike Scottsdale's first affirmative defense, that the insurance policy excludes damage caused by a system or appliance, because it does not apply to this case. The [p]laintiffs assert that because "no loss of any system is included in their estimation of damages," this affirmative defense is not responsive to their claims. However, this provision has a "possible relation" to this case since it could become known during discovery that a system or appliance caused part of the damage, and therefore striking the defense is inappropriate. [*JazAtlanta 519 LLC v. Beazley*

7

> *Underwriting, Ltd.*, 2018 WL 4743634, *1 (S.D. Fla. Oct. 2, 2018)]. Moreover, courts generally allow contract exclusions or limitations that could limit a plaintiff's claims to be pled as affirmative defenses. *See Kapow of Boca Raton, Inc. v. Aspen Specialty Ins. Co.*, 2017 WL 5159601, *3 (S.D. Fla. Nov. 7, 2017) (Bloom, J.) ("[a]ffirmative [d]efenses are sufficient as a matter of law as they give [the] [p]laintiffs notice of the specific coverage and exclusion provisions within the insurance policy upon which [the] [d]efendant relies to defend against insurance coverage and, in turn, defend against the breach of contract claims"). Here, the affirmative defenses directly quote the insurance policy and are thus pled with the required specificity.

, 2020 WL 1891328, at *1.

At this early stage of the case, it would be unreasonable to require a litigant to support policy exclusion-based defenses with detailed and specific factual assertions which may be established later on in discovery. If, after the close of discovery, Plaintiffs believe there is no evidence to support a particular defense, then they can challenge it at the summary judgment stage.

Further, although Defendant does not directly quote the policy language in its affirmative defense, this is not a basis to strike the defense. Plaintiffs have not established that they will suffer any prejudice from a referencing to a document attached to their complaint in order to fully understand an affirmative defense. It would further no goal or purpose to require Defendant to quote the policy language in the body of its affirmative defense in lieu of referencing a specific exclusion.

In summary, Defendant's affirmative defenses do not need to comply with the *Twombly* and *Iqbal* pleading standard and Affirmative Defenses Eight through Eleven sufficiently inform Plaintiffs of the grounds upon which they rest. Therefore, the

Undersigned **respectfully recommends** the District Court **deny** Plaintiffs' motion to strike Affirmative Defenses Eight through Eleven.

IV. **Conclusion**

Each of Defendant's affirmative defenses places Plaintiffs on notice of the additional issue Defendant is raising, as well as the subject of the issue (i.e., liability, damages, etc.). Moreover, except for Affirmative Defense Three (which the Undersigned recommends treating as a denial), all affirmative defenses pled by Defendant are legitimate affirmative defenses.

Based on these general principles and the more-individualized analysis above, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiffs' motion to strike Defendant's Affirmative Defenses Three and Eight through Eleven. Further, because Defendant has withdrawn Affirmative Defenses One and Two, the Undersigned **respectfully recommends** that the District Court **deny as moot** Plaintiffs' request to strike those affirmative defenses.

V. **Objections**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue

9

covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on September 14, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record